**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-4581**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DERRELL CASHAWN MASSEY, a/k/a Rell, a/k/a Fat Rell,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:23-cr-00180-1)

———————

Submitted:  June 12, 2025                    Decided:  June 16, 2025

———————

Before HARRIS and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Richard W. Weston, WESTON LAW, Huntington, West Virginia, for Appellant.  Joseph Franklin Adams, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrell Cashawn Massey pleaded guilty, pursuant to a plea agreement, to distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). After granting Massey's motion for a downward variance from the Sentencing Guidelines in part, the district court sentenced Massey to 240 months' imprisonment. Massey timely appealed. On appeal, Massey's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating there are no meritorious grounds for appeal but questioning whether trial counsel was ineffective for failing to file a motion pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), failing to give Massey his full discovery file, withdrawing the objection to the presentence report without Massey's consent, and failing to object at sentencing. Appellate counsel also questioned whether the guilty plea was valid, whether the Government complied with the plea agreement, and whether the sentence was reasonable. We affirm.

With respect to counsel's alleged ineffectiveness, ineffective assistance of counsel claims are typically "litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation," *Massaro v. United States*, 538 U.S. 500, 505 (2003), but we will consider such claims "on direct review where the ineffectiveness of counsel conclusively appears in the trial record itself," *United States v. Freeman*, 24 F.4th 320, 331 (4th Cir. 2022) (internal quotation marks omitted). Because ineffective assistance of counsel does not conclusively appear in the trial record itself, we decline to consider this issue on direct appeal. Massey should raise his claims, if at all, in a motion under 28 U.S.C. § 2255.

2

With respect to the validity of Massey's guilty plea, because Massey did not move to withdraw his plea, we review the adequacy of the Fed. R. Crim. P. 11 plea colloquy for plain error. *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (stating standard of review); *see also Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing plain error standard). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charge to which he is pleading, and the applicable maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Here, the district court conducted a thorough and complete Rule 11 hearing. We therefore conclude that Massey entered his plea knowingly and voluntarily, and that a factual basis supported the plea. We further find that the Government did not breach the terms of the plea agreement.

With respect to Massey's sentence, we "review[] all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Claybrooks*, 90 F.4th 248, 257 (4th Cir. 2024) (internal quotation marks omitted). "Reasonableness review has procedural and substantive components." *United States v. Fowler*, 58 F.4th 142, 150 (4th Cir. 2023) (internal quotation marks omitted). "Procedural reasonableness requires us to ensure that

3

the district court committed no significant procedural error," *id.* (internal quotation marks omitted), which includes improperly calculating the Guidelines range, insufficiently considering the 18 U.S.C. § 3553(a) factors, or inadequately explaining the selected sentence, *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020). "A district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted).

"If the sentence is procedurally sound, we then consider its substantive reasonableness under a deferential abuse-of-discretion standard." *United States v. Williams*, 5 F.4th 500, 510 (4th Cir. 2021) (internal quotation marks omitted). "A sentence is substantively unreasonable only where under the totality of the circumstances, the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Devine*, 40 F.4th 139, 153 (4th Cir. 2022) (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

We have reviewed the record and conclude that the sentence is procedurally and substantively reasonable. The district court properly calculated the Guidelines range, listened and responded to the parties' arguments, and thoroughly explained the reasons for

4

the sentence.  Moreover, Massey's below-Guidelines sentence is presumptively reasonable and he has not rebutted that presumption on appeal.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Massey, in writing, of the right to petition the Supreme Court of the United States for further review.  If Massey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Massey.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*